IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrice Wyman, *an Asiatic Indigenous American Native Woman;* Julius Wyman, Jr., *an Asiatic Indigenous American Native Man,* <br><br> Plaintiffs, <br><br> v. <br><br> Mr. James E. Chellis, *Master-in-Equity Dorchester County South Carolina;* Ms. Margret L. Bailey, *Register of Deeds Dorchester County South Carolina;* Jason M. Taroh, SC *BAR #72837;* Nicole Shlomoy, *Paralegal;* Joseph Pensahene, *CEO, President, Director Selene Finance, LP;* Selene Finance LP; First Federal Bank, *Charleston,* SC; South State Bank, *N. Charleston,* SC; Dorchester County South Carolina; Dorchester County Sheriffs Office, The Geheren Firm, PC; Mr. Steve Woodward, *Real Estate Agent;* Wells Fargo Bank; Charleston Homes for You, <br><br> Defendants. | Case No.: 2:17-cv-2946 <br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 35) recommending that the Court dismiss Plaintiffs' Amended Complaint without prejudice and without issuance of service of process. For the reasons set forth below, the Court adopts the R. & R. as the order of the Court.

I.  **Background and Relevant Facts**

The Court adopts the facts as outlined in the R. & R. (Dkt. No. 35 at 2-3.) The record shows that a judgment of foreclosure was entered against Plaintiffs by the Master-in-Equity for

Dorchester County, South Carolina on September 14, 2017. Plaintiffs later learned that their property had been sold to Defendant Steve Woodard, a real estate investor. Woodard ordered Plaintiffs to vacate the property and stated that he would seek an order of eviction if they failed to vacate. (*Id.*) Plaintiffs filed an Amended Complaint alleging that Defendants lack the authority to bring the state foreclosure action and other claims including fraudulent misrepresentation, unfair trade practices, conversion, trespass to chattels, and inland piracy. (Dkt. No. 7 at 18-29.)

## II. Legal Standard

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

The Magistrate Judge liberally construed the Amended Complaint to consider Plaintiffs' possible theories of relief and recommended that this Court dismiss the action after determining that Plaintiffs failed to provide a basis for federal court jurisdiction. The Magistrate Judge

provided several reasons in support of this recommendation, including, but not limited to (1) that although Plaintiffs listed several federal criminal statutes in their Amended Complaint, they did not argue that any of those statutes creates a private cause of action or allege facts that would support such a claim; (2) that, to the extent Plaintiffs seek to have Defendants criminally prosecuted, Plaintiffs have no constitutional right or judicially cognizable interest in such prosecutions; (3) that Plaintiffs' Section 1986 claim is subject to dismissal because they failed to meet the heightened pleading standard for Section 1985(3) conspiracy claims; and (4) that, to the extent Plaintiffs are seeking review, appeal, or injunction with respect to the final judgment or other orders in the state court foreclosure action, they are not entitled to relief pursuant to the Rooker-Feldman Doctrine, the doctrine established in *Younger v. Harris*, 401 U.S. 37, 91 (1971), and the Anti-Injunction Act.

No party has filed objections to the R. & R., and the deadline to file objections has passed. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

### IV.  Conclusion

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 35) as the order of the Court. Plaintiffs' Amended Complaint is dismissed without prejudice and without issuance of service of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 21, 2018
Charleston, South Carolina